**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

v.                                               **No. CV 12-0312 JH/LAM**
                                                                  **CR 09-1766 JH**

**ADAM JASON GARCIA,**

    **Defendant/Movant**.

**ORDER TO SHOW CAUSE**

       **THIS MATTER** is before the Court *sua sponte*. On July 25, 2012, Defendant/Movant's appeal to the Tenth Circuit was dismissed for lack of prosecution. (*CV-Doc. 14-1*, *CR-Doc. 62-1*). It appears from documents filed with the Court that Defendant/Movant is no longer at the address he provided to the Court, and Defendant/Movant has failed to advise the Court of his current address. *See CV-Docs. 13* and *15* (showing that documents sent to Defendant/Movant's address of record were returned as undeliverable). Defendant/Movant has not filed any documents in this case since June 21, 2012. Plaintiff's apparent failure to advise the Court, in writing, of his current address, as required by D.N.M. LR-Civ 83.6, demonstrates a lack of interest in litigating his claims, which may subject him to dismissal of this action for lack of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (citations and footnotes omitted); *Martinez v. Internal*

*Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984) ("Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings.") (citations omitted); and *Thornton v. Estep*, No. 05-1263, 209 Fed. Appx. 755, 757, 2006 WL 3705038 (10th Cir. Dec.18, 2006) (unpublished) (holding that the district court did not abuse its discretion by dismissing pro se inmate's petition for a writ of habeas corpus for failure to prosecute due to inmate's failure to comply with local rule regarding notification to the court of change of address). The Court, therefore, will require Defendant/Movant to show cause why his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 should not be dismissed.

**IT IS THEREFORE ORDERED** that, **within fourteen (14) days** from entry of this order, Defendant/Movant shall file a response to this order showing cause, if any, why this case should not be dismissed. A copy of this order shall be sent to Defendant/Movant at the address shown on the Court's docket. **Defendant/Movant is hereby notified that failure to respond to this order may result in dismissal of his case without further notice**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**