IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent,**

v.                                                                                    No. CV 12-0312 JCH/LAM
                                                                                CR 09-1766 JCH

**ADAM JASON GARCIA,**

       **Defendant/Movant**.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Defendant") Adam Jason Garcia's Section 2255 motion [*Doc. 1*],[2] filed on March 27, 2012. Plaintiff/Respondent (hereinafter "the Government") filed a response [*Doc. 7*] to the motion on May 23, 2012. On June 21, 2012, Defendant filed an appeal of the case to the Tenth Circuit Court of Appeals (*Doc. 9*), and the Tenth Circuit Court of Appeals denied the appeal for lack of prosecution on July 25, 2012 (*Doc. 14*). Because Defendant's mail was being returned to the Court as undeliverable, on November 9, 2012, the Court entered an Order to Show Cause why Defendant's case should not be dismissed for failure to notify the Court of his current address. [*Doc. 16*]. On November 26, 2012, Defendant responded to the Order to Show Cause and updated his address with the Court and

---

[1]Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

[2]Unless otherwise noted, all referenced documents are from Case No. CIV-12-0312.

requested additional time in which to reply to the Government's response to the Section 2255 motion. [*Doc. 17*]. On December 21, 2012, the Court granted Defendant's motion to file a reply to the Government's response, and ordered Defendant to file his reply within fourteen (14) days of entry of that order (*Doc. 21*), but no reply has been filed. The Court further ordered the Clerk to forward copies of all of the documents of record that had been returned as undeliverable. [*Docs. 18* and *21*].

United States District Judge Judith Herrera referred the claims raised in the motion to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the parties' submissions, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-09-1766, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's Section 2255 motion [*Doc. 1*] be **DENIED** and that Case No. CIV-12-0312 be **DISMISSED with prejudice**.

Defendant claims that his trial counsel was ineffective for: failing to challenge Defendant's three previous state robbery convictions; failing to file motions to suppress evidence; failing to file a motion during plea negotiations regarding Defendant's right to challenge the armed career criminal enhancement; failing to file a motion or objection regarding Defendant's indictment; failing to file a direct appeal of Defendant's case; and failing to challenge the armed career criminal enhancement. [*Doc. 1* at 4, 5, 7 and 8].

**Factual and Procedural Background**

On June 25, 2009, Defendant was charged by indictment with: (1) Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); (2) Using and Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A); and

(3) Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [*Doc. 2*, filed in Case No. CR-09-1766]. On December 20, 2010, Defendant entered in to a plea agreement with the Government pursuant to which Defendant pled guilty to Counts 2 and 3 of the indictment. [*Doc. 42*, filed in Case No. CR-09-1766, at 2]. Pursuant to the plea agreement, Defendant waived his appellate rights to "any collateral attack to [his] convictions pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver." *Id.* at 7. On April 13, 2011, Defendant was sentenced to 264 months imprisonment, followed by three years of supervised release. [*Doc. 48* filed in Case No. CR-09-1766, at 2-3]. Defendant filed his § 2255 motion on March 27, 2012. [*Doc. 1*]. The Court reviews Defendant's *pro se* pleadings under a liberal standard. *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007). However, the Court may not act as his advocate in this proceeding. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Discussion**

In his motion, Defendant claims that his counsel was ineffective for: (1) failing to challenge Defendant's three previous state robbery convictions; (2) failing to file motions to suppress evidence; (3) failing to file a motion during plea negotiations regarding Defendant's right to challenge the armed career criminal enhancement; (4) failing to file a motion or objection regarding Defendant's indictment; (5) failing to file a direct appeal of Defendant's case; and (6) failing to challenge the armed career criminal enhancement. [*Doc. 1* at 4, 5, 7 and 8]. In response, the Government contends that, pursuant to his plea agreement, Defendant has waived his right to bring all of his claims except possibly his claim that his counsel was ineffective for failing to file a motion during the plea negotiations regarding Defendant's right to challenge the armed career criminal

enhancement. [*Doc. 7* at 5]. The Government further contends that Defendant is not entitled to relief because his claims are vague and conclusory and fail to meet the requirements for a finding of ineffective assistance of counsel. *Id.*

### *1. Waiver of Right to Collaterally Attack Sentence*

The Court finds that all of Defendant's claims, except for his claim that his counsel was ineffective for failing to file a motion during plea negotiations regarding Defendant's right to challenge the armed career criminal enhancement, are waived because Defendant's plea agreement precludes his right to collaterally attack his sentence. The plea agreement states that "Defendant agrees to waive any collateral attack to [his] convictions pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver." [*Doc. 42*, filed in Case No. CR-09-1766, at 7]. The Tenth Circuit has explained that such waivers are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). While Defendant states that he "was coerced, intimidated and frightened into signing" the plea agreement, Defendant provides no support for this statement. [*Doc. 1* at 7]. The plea agreement, instead, states that "Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement)." [*Doc. 42*, filed in Case No. CR-09-1766, at 8] In addition, at his plea hearing, the Court asked Defendant if anyone had threatened, forced or coerced him into pleading guilty, and he stated, "No." [*Doc. 53* at 11, Transcript of Plea Hearing]. The Court then asked Defendant if he was pleading guilty to the two counts of his own free will because he was guilty of these two offenses and he stated, "Yes." *Id.* The Court, therefore, finds that

Defendant knowingly and voluntarily entered into the waiver to collaterally attack his convictions except on the basis of ineffective assistance of counsel in negotiating or entering into the plea agreement. In addition, the Court finds that the other exceptions to the waiver rule are not at issue here. *See Cockerham*, 237 F.3d at 1182 (explaining that other exceptions include circumstances where the court relies on an impermissible factor such as race, where the agreement is otherwise unlawful, or where a sentence exceeds the statutory maximum).

With regard to Plaintiff's claim that his counsel failed to file a direct appeal, the Tenth Circuit has held that the waiver in a plea agreement applies to an ineffective assistance of counsel claim where a defendant claims that his counsel has failed to file a direct appeal, as long as the Government argues that the plea agreement waiver bars the defendant from bringing such a claim. *See United States v. Viera*, 674 F.3d 1214, 1218-19 (10th Cir. 2012) ("We are satisfied that the plea agreement waived Mr. Viera's ineffective assistance claim because counsel's alleged failure to file an appeal does not undermine the validity of the plea or the waiver." (citing *Cockerham*, 237 F.3d at 1187). The Government contends that the plea agreement bars Defendant's claim of ineffective assistance of counsel for failure to file a direct appeal, and the Court, therefore, finds that this claim is also barred by the waiver in the plea agreement.

In addition, the Court notes that at the change of plea hearing, defense counsel summarized at length all of the steps he took in investigating the case, analyzing the evidence, reviewing Defendant's prior convictions and plea agreements, and his discussions with Defendant's parents, encouraging them to hire a respected outside counsel to render a second opinion regarding the reasonableness of Defendant entering into the plea agreement. [*Doc. 53* at 9-10]. After this discussion, the Court asked Defendant if he was satisfied with the legal counsel and advice received

in this case and he said, "Yes." *Id.* at 10. When asked by the Court if he had any complaint about his attorney or the attorney hired to render a second opinion, Defendant said, "No." *Id.* For these reasons, the Court finds that Defendant is precluded from bringing his claims that his counsel was ineffective for failing to challenge Defendant's three previous state robbery convictions, failing to file motions to suppress evidence, failing to file a motion or objection regarding Defendant's indictment, failing to file a direct appeal, and failing to challenge the armed career criminal enhancement, because Defendant knowingly and voluntarily waived his right to bring these claims by entering into the plea agreement.

### 2. *Ineffective Assistance of Counsel Claim Regarding Plea Agreement*

Defendant claims that his counsel was ineffective for failing to file a motion during the plea negotiations to reserve Defendant's rights to challenge the armed career criminal enhancement. [*Doc. 1* at 7]. The Government first contends that this claim should fail because it falls within the waiver in the plea agreement because it "is very general" and "does not qualify as a direct attack pertaining to the validity of the plea or the waiver of his appellate rights." [*Doc. 7* at 16-17]. The Government further contends that, to the extent this claim is not waived, Defendant fails to show that his counsel's performance was deficient or that Defendant was prejudiced by his counsel's performance. *Id.* at 17.

The Tenth Circuit in *Cockerham* explained that a "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." 237 F.3d at 1187. The Court finds that this claim is not waived because Defendant challenges the validity of the plea based on his counsel's alleged failure to attempt to preserve Defendant's right to challenge the armed career criminal

enhancement. However, the Court finds that the claim nevertheless fails because Defendant fails to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). Defendant does not allege that he would not have pleaded guilty absent his attorney's alleged ineffectiveness. Moreover, Defendant does not set forth any facts that suggest that his counsel could have negotiated a plea that would have preserved his right to challenge the armed career criminal enhancement, or that Defendant could have prevailed on such a challenge. Nor does Defendant describe how he would have challenged the armed career criminal enhancement or on what grounds he would have or could have challenged it. Conclusory allegations without a supporting factual basis are insufficient to support a Section 2255 claim. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (pro se defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under Section 2255). For these reasons, the Court finds that this claim is without merit and should be denied.

Finally, the Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

**Conclusion**

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's Section 2255 Motion [*Doc. 1*] be **DENIED**, and that Case No. CIV-12-0312 be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**